STATE OF MINNESOTA                           IN DISTRICT COURT

COUNTY OF CARVER                             FIRST JUDICIAL DISTRICT

Court File No. _____

CASE TYPE: OTHER CIVIL

| | |
|---|---|
| Vickerman Company, <br><br> Plaintiff, <br><br> vs. <br><br> Alexander Kushner, <br><br> And <br><br> April, Inc., <br><br> Defendants. | JOINT ANSWER AND COUNTERCLAIM |

Defendants Alexander Kushner ("Kushner") and April, Inc. ("April") (collectively "Defendants") for their Answer to Plaintiff's Complaint states and alleges as follows:

## ANSWER

1. Except as hereinafter admitted, qualified or otherwise answered, Kushner and April deny each and every matter and thing contained in Plaintiff's Complaint and put Plaintiff to its strict burden of proof.

2. As to the allegations contained in Paragraph 1 of Plaintiff's Complaint, Kushner and April are without sufficient information to affirm or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint, and therefore deny the same and put Plaintiff to its strict burden of proof.

3. Kushner and April admit the allegations contained in Paragraph 2 of Plaintiff's Complaint.

4. As to the allegations contained in Paragraph 3 of Plaintiff's Complaint, Kushner and April admit that April is a closely held Minnesota corporation with its principal executive office address located at 3150 Zircon Lane North, Plymouth, Minnesota 55447. Kushner and April deny the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

5. Paragraphs 4 and 5 of Plaintiff's Complaint do not require a response.

6. Kushner and April are without sufficient information to affirm or deny the allegations contained in Paragraph 6 of Plaintiff's Complaint, and therefore deny the same and puts Plaintiff to its strict burden of proof.

7. Kushner and April are without sufficient information to affirm or deny the allegations contained in Paragraph 7 of Plaintiff's Complaint, and therefore deny the same and puts Plaintiff to its strict burden of proof.

8. Kushner and April are without sufficient information to affirm or deny the allegations contained in Paragraph 8 of Plaintiff's Complaint, and therefore deny the same and puts Plaintiff to its strict burden of proof.

9. Kushner and April are without sufficient information to affirm or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint, and therefore deny the same and puts Plaintiff to its strict burden of proof.

10. As to the allegations contained in Paragraph 10 of Plaintiff's Complaint, Kushner and April admit that Kushner met Randy Schuster sometime in 2004. Kushner and April deny the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. As to the allegations contained in Paragraph 11 of Plaintiff's Complaint, Kushner and April admit that Kushner and Plaintiff entered into an oral agreement sometime in 2004. Kushner and April deny the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Kushner and April deny the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Kushner and April deny the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Kushner and April deny the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Kushner and April deny the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Kushner and April deny the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. As to the allegations contained in Paragraph 17 of Plaintiff's Complaint, Kushner and April affirmatively allege that Kushner incorporated April in 2012 but deny the remaining allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Kushner and April deny the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Kushner and April deny the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Kushner and April deny the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Kushner and April deny the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Kushner and April deny the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Kushner and April deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Kushner and April deny the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Kushner and April deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Kushner and April deny the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Kushner and April are without sufficient information to affirm or deny the allegations contained in Paragraph 27 of Plaintiff's Complaint, and therefore deny the same and puts Plaintiff to its strict burden of proof.

28. Kushner and April deny the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. As to the allegations contained in Paragraph 29 of Plaintiff's Complaint, Kushner and April admit that Plaintiff provided Kushner with a computer but deny that Kushner was to use, or did in fact use, the computer to develop modules for Plaintiff.

30. Kushner and April deny the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Kushner and April deny the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Kushner and April deny the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Kushner and April admit the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Kushner and April deny the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. As to the allegations contained in Paragraph 35 of Plaintiff's Complaint, Kushner and April admit that Kushner returned the computer provided by Plaintiff but deny that Kushner wiped the hard drive clean.

36. Kushner and April deny the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Kushner and April deny the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Kushner and April deny the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. Kushner and April admit the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. Kushner and April admit the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. Kushner and April admit the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42. Kushner and April are without sufficient information to affirm or deny the allegations contained in Paragraph 42 of Plaintiff's Complaint, and therefore deny the same and puts Plaintiff to its strict burden of proof.

43. Kushner and April are without sufficient information to affirm or deny the allegations contained in Paragraph 43 of Plaintiff's Complaint, and therefore deny the same and puts Plaintiff to its strict burden of proof.

44. Kushner and April are without sufficient information to affirm or deny the allegations contained in Paragraph 44 of Plaintiff's Complaint, and therefore deny the same and puts Plaintiff to its strict burden of proof.

45. Kushner and April deny the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46. Kushner and April are without sufficient information to affirm or deny the allegations contained in Paragraph 46 of Plaintiff's Complaint, and therefore deny the same and puts Plaintiff to its strict burden of proof.

47. Kushner and April deny the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. Kushner and April deny the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. Kushner and April admit the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50. Kushner and April admit the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51. Kushner and April admit the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52. Kushner and April admit the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53. Kushner and April deny the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54. Kushner and April deny the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55. Kushner and April deny the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56. Kushner and April deny the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57. Kushner and April deny the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58. Kushner and April deny the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59. Kushner and April deny the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60. Kushner and April deny the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61. Paragraph 61 of Plaintiff's Complaint does not require a response. However, to the extent necessary as required by the Minnesota Rules of Civil Procedure, Kushner and April deny the allegations contained therein.

62. Kushner and April deny the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63. Kushner and April deny the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64. Paragraph 64 of Plaintiff's Complaint does not require a response. However, to the extent necessary as required by the Minnesota Rules of Civil Procedure, Kushner and April deny the allegations contained therein.

65. Kushner and April deny the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66. Kushner and April deny the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67. Kushner and April deny the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68. Paragraph 68 of Plaintiff's Complaint does not require a response. However, to the extent necessary as required by the Minnesota Rules of Civil Procedure, Kushner and April deny the allegations contained therein.

69. Kushner and April deny the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70. Kushner and April deny the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71. Kushner and April deny the allegations contained in Paragraph 71 of Plaintiff's Complaint.

72. Paragraph 72 of Plaintiff's Complaint does not require a response. However, to the extent necessary as required by the Minnesota Rules of Civil Procedure, Kushner and April deny the allegations contained therein.

73. Kushner and April deny the allegations contained in Paragraph 73 of Plaintiff's Complaint.

74. Kushner and April deny the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75. Kushner and April deny the allegations contained in Paragraph 75 of Plaintiff's Complaint.

76. Kushner and April deny the allegations contained in Paragraph 76 of Plaintiff's Complaint.

77. Kushner and April deny the allegations contained in Paragraph 77 of Plaintiff's Complaint.

78. Paragraph 78 of Plaintiff's Complaint does not require a response. However, to the extent necessary as required by the Minnesota Rules of Civil Procedure, Kushner and April deny the allegations contained therein.

79. Kushner and April deny the allegations contained in Paragraph 79 of Plaintiff's Complaint.

80. Kushner and April deny the allegations contained in Paragraph 80 of Plaintiff's Complaint.

81. Kushner and April deny the allegations contained in Paragraph 81 of Plaintiff's Complaint.

82.   Kushner and April deny the allegations contained in Paragraph 82 of Plaintiff's Complaint.

83.   Kushner and April deny the allegations contained in Paragraph 83 of Plaintiff's Complaint.

84.   Kushner and April deny the allegations contained in Paragraph 84 of Plaintiff's Complaint.

85.   Kushner and April deny the allegations contained in Paragraph 85 of Plaintiff's Complaint.

86.   Kushner and April are without sufficient information to affirm or deny the allegations contained in Paragraph 86 of Plaintiff's Complaint, and therefore deny the same and puts Plaintiff to its strict burden of proof.

87.   Kushner and April deny the allegations contained in Paragraph 87 of Plaintiff's Complaint.

88.   Kushner and April deny the allegations contained in Paragraph 88 of Plaintiff's Complaint.

89.   Paragraph 89 of Plaintiff's Complaint does not require a response. However, to the extent necessary as required by the Minnesota Rules of Civil Procedure, Kushner and April deny the allegations contained therein.

90.   Kushner and April deny the allegations contained in Paragraph 90 of Plaintiff's Complaint.

91. Kushner and April deny the allegations contained in Paragraph 91 of Plaintiff's Complaint.

92. Kushner and April deny the allegations contained in Paragraph 92 of Plaintiff's Complaint.

93. Kushner and April deny the allegations contained in Paragraph 93 of Plaintiff's Complaint.

94. Paragraph 94 of Plaintiff's Complaint does not require a response. However, to the extent necessary as required by the Minnesota Rules of Civil Procedure, Kushner and April deny the allegations contained therein.

## COUNTERCLAIM

Kushner and April (hereinafter collectively "Counterclaimants"), for their counterclaim against Vickerman Company (hereinafter the "Counter Defendant"), states and alleges as follows:

1. Kushner is an individual residing at 3150 Zircon Lane North, Plymouth, Minnesota, 55447. Kushner is a professional in computer science, a senior level software consultant, architect and developer.

2. April is a Minnesota corporation incorporated in 2012. April is a consulting company, formerly known as "April Consulting" (founded in 1999). April provides computer consulting, spoken language interpreting and translation services. Natasha Kushner is the president and the CEO, Alexander Kushner is the Vice President and the Chief Technology Officer. Natasha Kushner and Alexander Kushner collectively own all of the shares of April.

3. On or about Summer 2004, Kushner began developing a software program for Counter Defendant which would enable Counter Defendant to write orders on a Pocket PC (Microsoft Windows based hand-held device), and transfer them into Counter Defendant's Everest database. Counter Defendant engaged Kushner to create this software program due to the fact that its Everest business recordkeeping software did not include the mobile application necessary for Counter Defendant to access the database from a hand-held device.

4. After that Kushner developed a number of other programs (hereinafter the "Programs"). The Programs consist of the following:

- PDF Printer: This program was initially developed to print PDF files. With the time the program has evolved into inventory management and an order fulfilment system.

- PrintIt: This program is to be used at a shipping station. The goal of the program is to speed up shipping operation by automating labor intensive and high attention required manual steps. Initially, the program has been developed to print a packing slip of the order. With the time, the program evolved to print packing slip(s), Serial Shipping Container Code label(s), shipping carrier label(s) (FedEx, UPS), and to create order invoice.

- Integrated FedEx: This module is designed to integrate PrintIt with FedEx.

- Integrated UPS: This module is designed to integrate PrintIt with UPS.

- EDI (Electronic Data Interchange): This program enables electronic data communication with customers (hereinafter "Electronic Partners"), that otherwise won't work with Counter Defendant. The program receives electronic data files with orders from the Electronic Partners, validates the orders, puts the orders into

Everest database, creates electronic communication back to the Electronic Partners, and sends qualified orders to the warehouse for fulfilment.

- Epick: This program is to be used by order pickers at the warehouse. The goal of the program is to speed up order picking process by distributing picking tasks between multiple pickers, sending picking item information to a picker who is the nearest to the item at the warehouse storage location. The program runs on an iPad.

- Integrated Electronic Scale: This module integrates electronic physical dimension measurement machine into warehouse operations. The module reads and records the information into Everest database. Later, the information is passed to the order shipping carrier (FedEx, UPS), thus minimizing shipping charges.

- Integrated Everest API: This module is designed to perform tasks that require invocation of Everest internal operations, and cannot be accomplished by other means.

- Product Selector: This is a website. The goal of the program is to provide Counter Defendant's customers with intuitive, quick and easy way to navigate through the vast number of products offered by Counter Defendant.

- Integrated UPS shipment charges calculator: This module was developed for Counter Defendant's website to provide Counter Defendant customers with estimated shipping charges.

- Counter Defendant's website: This website is a replacement for Everest built-in discontinued e-commerce website.

- Receipt processor: This program automates manual and time consuming payment reconciliation.

- Data exchange between Everest and Aleran: This program is designed to give Counter Defendant's employees easy and cost effective access to sales information. The program loads sales information stored in Everest into Aleran.

- Csv2Xml: This Program was written for two of Counter Defendant's customers. The purpose of these programs is to convert customer proprietary electronic order file into Counter Defendant's standard file format.

- Website scraper: This program records products information that Counter Defendant's customer(s) offer on their own websites. Randy Schuster suspected that some of Counter Defendant's customers were counterfeiting Counter Defendant's products. Website scraper goes to the suspected customer website, and records the items which they sell. Later, Counter Defendant cross references this information with customer buying data, and uses the same for allegations against the customer as to evidence of counterfeiting.

5. Kushner wrote all of the code for the Programs, and no third party or "open source" code was utilized to create the Programs.

6. The code was not stored on Counter Defendant's server. Rather, at all times, Kushner stored the code on his personal development computer.

7. The Programs rely on Everest API and can thus be debugged only on the computer where Everest API is installed. Everest API was installed on the specific Counter Defendant server. On or about March 2015, Kushner placed the code for the Integrated Everest

API program on Counter Defendant's server for purposes of debugging. Everest API program relies on shared components that are used in all other Programs. Therefore, the source code for all these components was placed on the server as well.

8. Originally, the Programs were set up so that Kushner receives an error report for each error in the Programs.

9. Kushner ceased all monitoring and maintenance services for Counter Defendant on or about March 14, 2017. At that time, Kushner modified error notification in order for errors to be sent to Schuster.

10. On or about March 17, 2017, Kushner received a letter from Counter Defendant's attorney claiming that Counter Defendant had an implied license to use the Programs, which implied license included access to the source code for the Programs, and demanded that Kushner provide Counter Defendant with a copy of the source code for the Programs.

11. At no time has Counter Defendant claimed to own the copyright to the source code for the Programs.

12. On April 28, 2017, Kushner received via email an error report relative to the Programs. The report indicated that an individual named "andyfilo" had accessed the code. Upon information and belief, the individual who accessed the code inadvertently replaced Kushner's modified error report configuration which routed error reports to Schuster with Kushner's original error report code which routed error reports via email to Kushner, allowing him to discover that Counter Defendant was accessing and modifying his code.

13. On May 5, 2017, Kushner received a second report that an individual had accessed the source code on Counter Defendant's behalf, made modifications to the source code, particularly the Everest Integrated API, and put it into use.

14.     Counterclaimants have filed applications, deposits and fees with the Copyright Office relative to the Programs.

## COUNT I

## COPYRIGHT INFRINGEMENT (17 U.S.C. § 501, et seq.)

14.     Counterclaimants incorporate by reference the preceding paragraphs.

15.     At all relevant times hereto, Counterclaimants have been the creator and owner of the Programs.

16.     For each of the modules which comprise the Programs, Counterclaimants have applied for a registration certificate.

17.     Without authorization, Counter Defendant reproduced and created a derivate work based upon the Programs.

18.     Counter Defendant knew the Programs belonged to Counterclaimants and that it did not have permission to exploit Counterclaimants' works by creating derivate works based upon the Programs.

19.     Counter Defendant knew that its acts constituted copyright infringement.

20.     Counter Defendant's conduct was willful within the meaning of the Copyright Act.

21.     As a result of Counter Defendant's wrongful conduct, Counter Defendant is liable to Counterclaimants for copyright infringement pursuant to 17 U.S.C. § 501. Counterclaimants have suffered, and will continue to suffer, substantial losses, including but not limited to damage to their business reputation and goodwill.

22.     Counterclaimants are entitled to recover damages in an amount to be proven at trial, which include its losses and any and all profits Counter Defendant has made as result of its

wrongful conduct. 17 U.S.C. § 504. Alternatively, Counterclaimants are entitled to statutory damages under 17 U.S.C. § 504(c).

23.     In addition, because Counter Defendant's infringement was willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

24.     Counterclaimants are entitled to recover their attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

### JURY DEMAND

25.     Counterclaimants hereby demand a jury trial in this case in regards to their counterclaim against Counter Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Counterclaimants request judgment as follows:

1.  That the Court enter a judgment against Counter Defendants that it has:

    a.  willfully infringed Kushner's and April's rights in federally registered copyrights under 17 U.S.C. § 501; and

    b.  otherwise injured the business reputation and business of Counterclaimants by Counter Defendant's acts and conduct set forth in this Counterclaim.

2.  That the Court issue injunctive relief against Counter Defendant, and that Counter Defendant, its agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with they, be enjoined and restrained from copying or making any other infringing use or infringing distribution of works owned by or registered to Counterclaimants;

3.  That the Court enter an order of impoundment pursuant 17 U.S.C. §§ 503 and

509(a) impounding all infringing copies of the source code relative to the Programs which are in Counter Defendant's possession or under its control;

4. That the Court order Counter Defendant to pay Counterclaimants' damages and Counter Defendant's profits pursuant to 17 U.S.C. § 504(b), or in the alternative, enhanced statutory damages pursuant to 17 U.S.C. § 504(c)(2), for Counter Defendant's willfull infringement of Counterclaimants' copyrights;

5. That the Court order Counter Defendant to pay Counterclaimants both the costs of this action and the reasonable attorneys' fees incurred by them in prosecuting this action pursuant to 17 U.S.C. §§ 504 and 505; and

6. For such other and further relief as the Court deems just and equitable.

CHESTNUT CAMBRONNE PA

Date: May 22, 2017

_____
Jeffrey C. O'Brien (#304852)
Natalie R. Walz (#349525)
17 Washington Avenue North
Suite 300
Minneapolis, MN 55401
Phone: (612) 339-7300

ATTORNEYS FOR ALEXANDER KUSHNER AND APRIL, INC.

## ACKNOWLEDGEMENT

The undersigned hereby acknowledges that appropriate sanctions may be imposed against the parties and / or their attorneys' pursuant to Minnesota Statute § 549.211 if the Court determines that the claims, defenses or other legal contentions contained herein are presented for an improper purpose, unwarranted by existing law, frivolously presented, without evidentiary support, not reasonably based upon knowledge, information and belief or made without reasonable inquiry under the circumstances.

Dated: May 22, 2017

_____
Jeffrey C. O'Brien (#304852)